IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| SHANNA DUNKLEBARGER, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 4:22-cv-00804-O-BP |
| | § | |
| KILOLO KIJAKAZI, ACTING COMMISSIONER OF SOCIAL SECURITY, | § § § | |
| | § | |
| Defendant. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Before the Court is Defendant's Unopposed Motion to Reverse and Remand filed March 24, 2023. ECF No. 19. Defendant seeks a remand pursuant to the fourth sentence of 42 U.S.C. § 405(g). For good cause shown, the undersigned recommends that United States District Judge Reed O'Connor **GRANT** the Motion, **REVERSE** this case, and **REMAND** it to the Commissioner for further administrative action.

In *Melkonyan v. Sullivan*, 501 U.S. 89, 97–102 (1991), the Supreme Court made clear that there are only two types of remand orders permitted under 42 U.S.C. § 405(g). The first method arises under "[t]he fourth sentence of § 405(g) [that] authorizes a court to enter 'a judgment affirming, modifying, or reversing the decision of the [Commissioner], with or without remanding the cause for a rehearing.'" *Id.* at 98 (citing 42 U.S.C. § 405(g)). A sentence four remand "requires the district court to enter a decision on the merits before remanding a case to the Commissioner." *Schriner v. Comm'r, Soc. Sec. Admin.*, No. 3:08-CV-2042-N, 2010 WL 2941120, at *15 (N.D. Tex. June 22, 2010), *adopted by*, 2010 WL 2944782 (N.D. Tex. July 22, 2010) (citing *Melkonyan*, 501 U.S. at 98).

The second method arises under the sixth sentence of § 405(g) and "may be ordered in only two situations: where the [Commissioner] requests a remand before answering the complaint, or where new, material evidence is adduced that was for good cause not presented before the agency." *Shalala v. Shaefer*, 509 U.S. 292, 297 (1993) (citing § 405(g); *Melkonyan*, 501 U.S. at 99–100). Under sentence six, "[t]he district court does not . . . rule in any way as to the correctness of the administrative determination. Rather, the court remands" the case for reconsideration if the "new evidence might have changed the outcome of the [ ] proceeding." *Melkonyan*, 501 U.S. at 98. The "[i]mmediate entry of judgment (as opposed to entry of judgment after post-remand agency proceedings have been completed and their results filed with the court) is the principal feature that distinguishes a sentence-four remand from a sentence-six remand." *Chelette v. United States Comm'r of Soc. Sec.*, No. 1:11-CV-1860, 2012 WL 2870842, at *2 (W.D. La. June 12, 2012), *adopted by*, 2012 WL 2873635 (W.D. La. July 12, 2012) (citing *Shaefer*, 509 U.S. at 296–97 and *Istre v. Apfel*, 208 F.3d 517, 520 (5th Cir. 2000)).

Here, the Commissioner's Motion is unopposed. ECF No. 19. Further, Defendant has already answered the complaint and does not argue any new, material evidence might have changed the outcome of the administrative proceedings. Under these circumstances, remand under sentence four of 42 U.S.C. § 405(g) is appropriate. Having considered Defendant's Motion (ECF No. 19), and noting that it is unopposed, the undersigned **RECOMMENDS** that Judge O'Connor **GRANT** the Motion, **REVERSE** this case, and **REMAND** it to the Commissioner for further administrative action.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within fourteen days after being served

with a copy. *See* 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(2). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).

It is so **ORDERED** on March 27, 2023.

_____
Hal R. Ray, Jr.
UNITED STATES MAGISTRATE JUDGE

3