IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| **SHANNA DUNKLEBARGER,** | § § § § | |
| Plaintiff, | | |
| v. | § § § § § § § § | Civil Action No. 4:22-cv-00804-O-BP |
| **KILOLO KIJAKAZI, ACTING COMMISSIONER OF SOCIAL SECURITY,** | | |
| Defendant. | | |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

Before the Court is the plaintiff's Unopposed Application for Attorney Fees Under the Equal Access to Justice Act filed May 18, 2023. ECF No. 23. After reviewing the Application and applicable legal authorities, noting that the defendant does not oppose the Application, and for good cause shown, the undersigned **RECOMMENDS** that United States District Judge Reed O'Connor **GRANT** the Application.

The Court finds that the plaintiff, Shanna Dunklebarger, was the prevailing party in this case. The Court further finds, pursuant to 28 U.S.C. § 2412(d)(2)(A), that the appropriate hourly rate at which to award fees in this case is $214.00 per hour for services performed in 2023. The Court further finds that the plaintiff is entitled to recover compensation for attorney services incurred of 20.42 hours, for an attorney fee award of $4,369.88.

Accordingly, the undersigned **RECOMMENDS** that the Court **ORDER** the defendant to pay the plaintiff, Shanna Dunklebarger, and mail to her attorney, Jonathan Heeps, Law Office of Jonathan A. Heeps, P.O. Box 173472, Arlington, TX 76003, attorney fees under the Equal Access

to Justice Act, in the total amount of $4,369.88 for 20.42 hours of service in 2023 at a rate of $214.00 per hour.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within fourteen days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). To be specific, an objection must identify the particular finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).

**SIGNED** on August 10, 2023.

_____
Hal R. Ray, Jr.
UNITED STATES MAGISTRATE JUDGE