IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| SHANNA DUNKLEBARGER, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 4:22-cv-0804-O-BP |
| | § | |
| COMMISSIONER OF SOCIAL SECURITY, | § | |
| | § | |
| Defendant. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

Before the Court is the plaintiff's Motion for and Memorandum in Support of Award of Attorney Fees Under 406(b) of the Social Security Act. ECF No. 26. By order dated April 30, 2025, United States District Judge Reed O'Connor referred the Motion and related briefing to the undersigned. ECF No. 27. After reviewing the record, the pleadings filed in connection with the Motion, and the applicable legal authorities, the undersigned **RECOMMENDS** that the Court **GRANT** the Motion.

**I.    BACKGROUND**

The plaintiff's counsel, Jonathan A. Heeps, Esq., filed the Complaint in this case on September 9, 2022, seeking reversal of an adverse decision of the Commissioner under 42 U.S.C. § 405(g). ECF No. 1. The Commissioner answered the Complaint and filed the administrative record on December 13, 2022. ECF Nos. 10, 12. On March 24, 2023, the Commissioner filed an Unopposed Motion to Reverse and Remand Pursuant to Sentence Fourt of 42 U.S.C. § 405(g). ECF No. 19. On March 27, 2023, the undersigned entered sealed findings, conclusions, and a recommendation that Judge O'Connor grant the Motion, reverse the Commissioner's decision, and

remand the case. ECF No. 20. On April 21, 2023, Judge O'Connor accepted the Findings, Conclusions, and Recommendation and entered Final Judgment reversing the Commissioner's decision and remanding the case for further administrative proceedings. ECF Nos. 21, 22.

The plaintiff filed an Unopposed Application for Attorney Fees Under the Equal Access to Justice Act ("EAJA") on May 18, 2023. ECF No. 23. The undersigned entered findings, conclusions, and a recommendation that that the Court award the plaintiff, in care of her attorney, Mr. Heeps, $4,369.88 in attorney fees. ECF No. 24. On September 5, 2025, Judge O'Connor entered an Order Accepting Findings, Conclusions, and Recommendation that awarded plaintiff attorney fees in the amount recommended. ECF No. 30.

The plaintiff now moves for attorney fees under 42 U.S.C. § 406(b). ECF No. 26. In the Attorney Fee Agreement between the plaintiff and Mr. Heeps' law firm dated August 8, 2022, the plaintiff agreed that if Mr. Heeps were successful in his representation, she would pay the firm any court-awarded EAJA attorney fees and up to 25% of her past due benefits for attorney fees awarded under 42 U.S.C. § 406(b), subject to the law firm's agreement to return any amount by which the § 406(b) fees plus the EAJA attorney fees exceeded 25% of past due benefits. ECF No. 26-3 at 2.

Mr. Heeps' Statement of Attorney Time Expended indicates that he spent 20.42 hours in representing the plaintiff in this case. ECF No. 26-2. Mr. Heeps suggests that given the contingent nature of his representation of the plaintiff, the prevailing hourly rate that attorneys in this area charge for non-contingency matters, the substantial risk of loss for matters such as this one, Mr. Heeps' expertise and effectiveness in these types of matters, and the Fee Agreement between the plaintiff and her law firm, the Court should award $13,794.88 in attorney fees. ECF No. 26 at 13. Given the amount of the time that Mr. Heeps' firm devoted to the case, the effective hourly rate represented by the attorney fee request is $675.56.

Although Mr. Heeps requests that the Court deduct the amount of fees previously awarded under the EAJA and award him a net amount, the Court declines to do so. Instead, Mr. Heeps shall promptly reimburse the plaintiff the previously awarded EAJA fee of $4,369.88 from the $13,794.88 amount recommended here.

Mr. Heeps represents in the Motion's Certificate of Conference that the Commissioner's counsel stated that he "does not oppose the filing of" the Motion but reserved "the right to respond to and oppose the substance" of the Motion after he reviewed it further. ECF No. 26 at 14. As of the date of these findings, conclusion, and recommendation, the Commissioner has not filed a response to the Motion.

## II.     LEGAL STANDARDS AND ANALYSIS

Under the Social Security Act,

> [w]henever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment[.]

42 U.S.C. § 406(b)(1)(A). *See also Jackson v. Astrue*, 705 F.3d 527, 531 (5th Cir. 2013) ("§ 406(b) fees are authorized in cases where an attorney obtains a favorable decision on remand"). Although this provision does not take the place of an agreed fee arrangement between attorney and client, it does provide "court review of such arrangements as an independent check, to assure that they yield reasonable results in particular cases." *Gisbrecht v. Barnhart*, 535 U.S. 789, 808 (2002). Thus, contingent fee contracts that provide for fees in excess of 25% are unenforceable, and an attorney seeking to recover a fee still must show that the fee is reasonable. *Id.* at 807-08. "If the benefits are large in comparison to the amount of time counsel spent on the case, a downward adjustment

3

is in order to disallow windfalls for lawyers." *Jeter v. Astrue*, 622 F.3d 371, 379 (5th Cir. 2010) (quotation marks and citation omitted).

The Fifth Circuit has recognized a number of factors the Court should consider in evaluating a claim for attorney fees under § 406(b)(1)(A). These include "risk of loss in the representation, experience of the attorney, percentage of the past-due benefits the fee constitutes, value of the case to a claimant, degree of difficulty, and whether the client consents to the requested fee." *Jeter*, 622 F.3d at 381-82. Although the courts often use the lodestar method for evaluating the reasonableness of attorney fees, particularly in cases in which a statute provides for shifting responsibility for payment of the fees, this method does not apply to an application for attorney fees under § 406(b)(1)(A). *Gisbrecht*, 535 U.S. at 801-02.

In this case, the factors support an award of attorney fees to Mr. Heeps in the amount requested. Mr. Heeps faced a significant risk of not recovering any fee when he agreed to represent the plaintiff. "[T]he Fifth Circuit and district courts in this circuit have acknowledged the high risk of loss inherent in Social Security appeals and the fact that a particular claimant's attorney often is not compensated at all for Social Security work in federal court." *Hartz v. Astrue*, No. 08-4566, 2012 WL 4471846, at *6 (E.D. La. Sept. 12, 2012) (collecting cases). *See also Charlton v. Astrue*, No. 3:10-cv-0056-O-BH, 2011 WL 6325905, at *4 (N.D. Tex. Nov. 22, 2011) (recognizing that on average 35 percent of persons appealing their Social Security disability cases to federal court recover benefits).

The Court notes that Mr. Heeps specializes in Social Security disability cases, has a nationwide practice, and has many years of experience in this area. The fact that the plaintiff was not successful at the administrative level is some evidence of the difficulty of the issues Mr. Heeps

4

confronted in pursuing the case here. *Adrienne W. v. Saul*, No. 3:17-cv-1218-N-BT, 2020 WL 2364635 (N.D. Tex. Mar. 24, 2020), *rec. adopted*, 2020 WL 2331702 (N.D. Tex. May 8, 2020).

The plaintiff agreed to the 25% fee requested in the pending Motion, and this percentage is within the limit provided by law. The effective hourly rate for Mr. Heeps in this matter is more than the regular and customary hourly rate usually charged by experienced civil trial lawyers in this Division. However, the undersigned concludes that the effective hourly rate of $675.56 is reasonable in this case given the contingent fee contract between the plaintiff and Mr. Heeps' firm, the specialized nature of the engagement, Mr. Heeps' experience and expertise in this area of the law, and the result obtained.

Accordingly, the undersigned **RECOMMENDS** that Judge O'Connor grant the Motion (ECF No. 26) and award the plaintiff, in care of Mr. Heeps, attorney fees in the amount of $13,794.88 under 42 U.S.C. § 406(b). The Court also should **ORDER** Mr. Heeps to promptly return to the plaintiff the $4,369.88 attorney fee award previously entered under the Equal Access to Justice Act (ECF No. 25).

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Under 28 U.S.C. § 636(b)(1), each party to this action has the right to serve and file specific written objections in the United States District Court to the United States Magistrate Judge's proposed findings, conclusions, and recommendation within fourteen (14) days after the party has been served with a copy of this document. The United States District Judge need only make a de novo determination of those portions of the United States Magistrate Judge's proposed findings, conclusions, and recommendation to which specific objection is timely made. See 28 U.S.C. § 636(b)(1). Failure to file by the date stated above a specific written objection to a proposed factual finding or legal conclusion will bar a party, except upon grounds of plain error

or manifest injustice, from attacking on appeal any such proposed factual findings and legal conclusions accepted by the United States District Judge. *See Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc), superseded by statute 28 U.S.C. § 636(b)(1) (extending the deadline to file objections from ten to fourteen days).

    **SIGNED** on June 10, 2025.

                                                    _____
                                                    Hal R. Ray, Jr.
                                                    UNITED STATES MAGISTRATE JUDGE